UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KAVITA K. LALWANI,<br><br>   Plaintiff,<br><br>   v.<br><br>SYLVIA MATHEWS BURWELL,<br>Secretary of the Department of Health and Human Services,<br><br>   Defendant. | Case No. 3:15-cv-01641-LB<br><br>**ORDER GRANTING MS. BURWELL'S MOTION TO DISMISS**<br><br>[Re: ECF No. 13] |

## INTRODUCTION

Kavita Lalwani, who is proceeding *pro se*, filed a complaint against Sylvia Burwell in her capacity as the Secretary of the United States Department of Health and Human Services. (Complaint, ECF No. 1.[1]) She alleges claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 12 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disability Act Amendments Act of 2008, P.L. 110-325, and under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* Ms. Burwell moves to dismiss Ms. Lalwani's complaint. Pursuant to Civil Local Rule 7-1(b), the court finds Ms. Burwell's motion suitable for

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.
ORDER (No. 3:15-cv-01641-LB)

determination without oral argument and vacates the July 30, 2015 hearing. For the reasons stated below, the court grants Ms. Burwell's motion and dismisses Ms. Lalwani's complaint without prejudice. Ms. Lalwani may file a first amended complaint by August 17, 2015.

## STATEMENT

Ms. Lalwani, who is "of Indian ethnic/racial origin," was hired by the Food and Drug Administration ("FDA") as a trainee Consumer Safety Officer (GS-0696-06) on November 7, 2007. (Complaint, ECF No. 1 ¶¶ 5, 6(b)(i).) She was trained to inspect manufacturing processes and facilities to ensure that those processes and facilities complied with federal guidelines. (*Id.* ¶ 5.)

On April 8, 2008, a mammogram revealed a lump in one of Ms. Lalwani's breasts. (*Id.* ¶ 6(a)(i).) Thereafter, she had to undergo several urgent medical tests to determine whether she had breast cancer. (*Id.* ¶ 6(a)(i)-(ii).) Although her immediate supervisor, Eric Anderson, ultimately did allow her time off to have these tests done, she could not have them done on the dates she preferred because he would not rearrange her work deadlines. (*See id.*) As a result, she had to schedule have the tests done later than she preferred. (*See id.*)

The tests revealed that Ms. Lalwani had breast cancer. (*Id.* ¶ 6(a)(iii).) On May 12, 2008, she told Mr. Anderson about the diagnosis and explained that she would need to have more time off in the coming months so she could attend further medical appointments and undergo urgent medical procedures. (*Id.*) In light of these appointments and procedures, she also requested a modified work load. (*Id.*) Ms. Lalwani alleges that Mr. Anderson refused to modify her work load, and while he did allow her time off to attend the medical appointments and undergo the medical procedures, she could not schedule her medical appointment and procedures as early as she needed to. (*See id.* ¶ 6(a)(iii)-(vi).) For example, she tried to schedule surgery to remove the cancer on May 26, 2008, but Mr. Anderson would not agree to accommodate her on that date. (*Id.* ¶ 6(a)(vi).) She had to reschedule the surgery for June 16, 2008. (*Id.*)

Ms. Lalwani alleges that Mr. Anderson could have accommodated her preferred dates, as the tasks and assignments could easily and satisfactorily been performed at other times and that her absence on her preferred dates would not have been an undue burden on her employer. (*Id.* ¶

6(a)(viii).)

Mr. Anderson terminated Ms. Lalwani's employment by letter dated June 5, 2008. (*Id.* ¶¶ 6(a)(vi), 6(c).) She alleges that she was branded as "unwilling to work collaboratively" and as incapable of "handling the stress of multiple tasks" because she had to take time off due to her urgent medical needs. (*Id.* ¶ 6(a)(viii).)

In addition to above, Ms. Lalwani also alleges that Mr. Anderson subjected her to discrimination due to her race and national origin. (*Id.* ¶ 6(b).) She alleges that Mr. Anderson frequently made fun of her accent and told her that another Indian employee with a strong accept was moved to Fresno because the employee could not be understood. (*Id.* ¶ 6(b)(ii).) She alleges that other employees who were not of Indian descent were treated differently and were not subjected to Mr. Anderson's comments. (*Id.*) One time, Mr. Anderson also allegedly told a story about his being in a car accident with an Indian driver. (*Id.*) He narrated the story in an offensive manner by mimicking the Indian driver's accent and mannerisms. (*Id.*) Mr. Anderson also constantly made fun of the way Indian foods and spices smelled and of their names. (*Id.*)

Ms. Lalwani filed her complaint on June 22, 2015. (Complaint, ECF No. 1.) In her first claim, she alleges that Ms. Burwell violated the ADA by not providing her with a reasonable accommodation even though she was disabled due to her breast cancer. In her second claim, she alleges that Ms. Burwell violated Title VII by discriminating against her on the basis of her race and national origin.

Attached to Ms. Lalwani's complaint is what she describes as a "right-to-sue letter" by the United States Equal Employment Opportunity Commission ("EEOC") that is dated January 15, 2015. (*Id.*, Ex. A.) The letter is a ruling on Ms. Lalwani's appeal from an August 2, 2011 final decision concerning her equal employment opportunity complaint alleging employment discrimination in violation of Title VII and of the Rehabilitation Act of 1973. (*Id.*) The allegations summarized in the letter relate to Ms. Lalwani's breast cancer diagnosis and her attempts to take time off of work to go to medical appointments. (*See id.*) The EEOC ruling states that Ms. Lalwani had alleged discrimination based on her sex (female) and disability (breast cancer). (*Id.*) The EEOC affirmed the final order, which determined that Ms. Lalwani had failed to prove that

ORDER (No. 3:15-cv-01641-LB)

3

she had been subjected to discrimination. (*Id.*)

On June 22, 2015, Ms. Burwell filed a motion to dismiss Ms. Lalwani's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (Motion, ECF No. 13.) Ms. Lalwani filed an opposition, and Ms. Burwell filed a reply. (Opposition, ECF No. 17; Reply, ECF No. 20.)

## ANALYSIS

### I. LEGAL STANDARDS

#### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits defendants to move for dismissal of a complaint for lack of subject-matter jurisdiction. A plaintiff who seeks to invoke federal jurisdiction by filing a complaint in federal court bears the burden of establishing that jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). The plaintiff must therefore plead sufficient facts in the complaint to establish the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

A defendant may mount either a facial or a factual challenge to the court's jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n. 3 (9th Cir. 2014) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). When defendant mounts a facial attack, the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In contrast, when presented with a factual challenge to subject matter jurisdiction, the court may evaluate extrinsic evidence and resolve factual disputes when necessary. S*ee Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). In a factual challenge, the plaintiff "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has

ORDER (No. 3:15-cv-01641-LB)

4

1  been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Harris v. Rand*, 682

2  F.3d 846, 850-51 (9th Cir. 2012)). Dismissal of a complaint without leave to amend should be

3  granted only where the jurisdictional defect cannot be cured by amendment. S*ee Eminence*

4  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B.  Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

ORDER (No. 3:15-cv-01641-LB)

5

## II. APPLICATION

### A. Ms. Lalwani's ADA Claim

Ms. Lalwani's first claim against Ms. Burwell is for violation of Title I of the ADA. But as Ms. Burwell points out, and as Ms. Lalwani concedes, the federal government is not an employer subject to liability under Title I of the ADA. 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include--(i) the United States . . . ."); *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) (recognizing that Congress exempted federal government employers from liability under Title I of the ADA); *De Los Reyes v. Ruchman & Assocs., Inc.*, No. 14-cv-00534-WHO, 2014 WL 4354238, at *4 n.2 (N.D. Cal. Sept. 2, 2014) ("The federal government is not subject to the ADA, which excludes the federal government from its definition of employer."). The Ninth Circuit also has held that Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming discrimination based on disability. *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), overruled on other grounds, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985). For these reasons, Ms. Lalwani's disability discrimination claim under the ADA must be dismissed with prejudice. *See Scott v. Donahoe*, No. CV-13-03927-RSWL-SH, 2014 WL 4180961, at *4 (N.D. Cal. Aug. 21, 2014) (dismissing the federal employee plaintiff's ADA claim because the ADA does not permit a claim against the federal government employer and the Rehabilitation Act is the exclusive remedy for a federal employee bringing a disability discrimination claim); *Rogers v. Henderson*, No. C 99-3012 SI, 2000 WL 288384, at *3 (N.D. Cal. Mar. 13, 2000) (dismissing with prejudice the federal employee plaintiff's ADA claim because the federal government is excluded from the ADA's definition of "employer"). Ms. Lalwani, however, may file an amended complaint to bring a disability discrimination claim under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791.

### B. Ms. Lalwani's Title VII Claim

Ms. Lalwani's second claim against Ms. Burwell is for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for discriminating against her on the basis of her race and national origin. Ms. Burwell argues that Ms. Lalwani's claim fails because she did not

1  allege that she exhausted her administrative remedies and thus the court lacks subject-matter

2  jurisdiction over the claim. The court agrees with Ms. Burwell.

3  Title VII is the exclusive judicial remedy for discrimination on the basis of race, religion, sex,

4  or national origin in federal employment. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-30, 835

5  (1976); *Boyd*, 752 F.2d at 413-14.

6  To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or

7  her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)

8  (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). "Under Title VII, a plaintiff

9  must exhaust her administrative remedies by filing a timely charge with the EEOC, or the

10  appropriate state agency, thereby affording the agency an opportunity to investigate the charge."

11  *B.K.B.*, 276 F.3d at 1099 (citing 42 U.S.C. § 2000e-5(b)). "The administrative charge requirement

12  serves the important purposes of giving the charged party notice of the claim and narrowing the

13  issues for prompt adjudication and decision." *Id.* (citation, internal quotation marks, and alteration

14  omitted).

15  Ms. Burwell argues that did not allege that she exhausted her claim for discrimination based

16  on her race and her national origin. This is true. Although she alleges that she received a right-to-

17  sue letter from the EEOC on January 15, 2015, nowhere in her complaint does she allege what she

18  complained to the EEOC about or what types of claims she asked the EEOC to investigate. (*See*

19  Complaint, ECF No. 1 ¶ 5.) And the right-to-sue letter that she attached as Exhibit A to the

20  complaint sheds only some light onto the situation. (*See id.*, Ex. A.) The letter states that Ms.

21  Lalwani had alleged discrimination based on her sex (female) and disability (breast cancer), but

22  this is not conclusive regarding what she originally alleged in her EEOC complaint. (*See id.*). The

23  letter also mentions Ms. Lalwani's cancer diagnosis and her attempts to take time off of work to

24  go to medical appointments, but it says nothing about racial discrimination. (*See id.*)

25  "Even when an employee seeks judicial relief for claims not listed in the original EEOC

26  charge, the complaint 'nevertheless may encompass any discrimination like or reasonably related

27  to the allegations of the EEOC charge.'" *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632,

28  636 (9th Cir. 2002) (quoting *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.

ORDER (No. 3:15-cv-01641-LB)

1973)). "Although allegations of discrimination not included in a plaintiff's EEOC charge generally may not be considered by a federal court, subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *Id.* (quoting *B.K.B.*, 276 F.3d at 1100) (emphasis in original); se*e also Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (noting that the court "must inquire whether the original EEOC investigation would have encompassed the additional charges made in the court complaint but not included in the EEOC charge itself") (internal quotations omitted).

A court must "construe the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *B.K.B.*, 276 F.3d 1091, 1100 (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975) abrogated on other grounds by *Laughon v. Int'l Alliance of Theatrical Stage Employees*, 248 F.3d 931 (9th Cir. 2001)). "In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.* "In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.* (citing *Farmer Bros.*, 31 F.3d at 899 (ruling that plaintiff exhausted her claim for discriminatory layoff since that claim was always a part of the plaintiff's theory of the case as expressed in her explicit allegations of discriminatory failure to recall and to rehire laid-off female employees)).

The court cannot tell whether Ms. Lalwani included a charge of discrimination based on her race or national origin in her EEOC complaint based on the right-to-sue letter. It mentions only sex and disability discrimination and summarizes allegations relating only to her attempts to take time off of work to go to medical appointments. Perhaps her EEOC complaint contained more allegations than those summarized in the right-to-sue letter, and perhaps she also brought charges of discrimination based on her race and national origin. But these facts are not alleged in her

ORDER (No. 3:15-cv-01641-LB)

8

complaint in this court. On this record, the court dismisses without prejudice Ms. Lalwani's Title VII claim based on race and national origin discrimination. She may re-allege this claim in a first amended complaint. If she does, she must include allegations regarding the exhaustion of administrative remedies.[2]

## CONCLUSION

For the foregoing reasons, the court grants Ms. Burwell's motion to dismiss.[3] The court dismisses with prejudice Ms. Lalwani's ADA claim and dismisses without prejudice her Title VII claim. Ms. Lalwani may file a first amended complaint by August 17, 2015. In it, she may re-allege a Title VII claim for discrimination based on her race and national origin, and she may allege a Title VII sex discrimination claim and a claim under Section 501 of the Rehabilitation Act.

**IT IS SO ORDERED.**

Dated: July 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] Ms. Burwell asks the court to dismiss her Title VII race discrimination claim with prejudice. (Reply, ECF No. 20 at 2-3.) Based on a transcript of an administrative hearing that Ms. Burwell attaches to her reply, she says that Ms. Lalwani waived this claim during the administrative proceedings. (*Id.*, Ex. A.) Even if the court were to consider this transcript, Ms. Burwell does not cite authority demonstrating the legal effect of this purported waiver on the court's inquiry regarding whether Ms. Lalwani exhausted her administrative remedies. On this record, the court believes that allowing Ms. Lalwani an opportunity to amend her complaint is the best course of action. *See Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (stating that leave to amend should be granted more liberally to pro se plaintiffs).

[3] In light of the court ruling that it lacks subject-matter jurisdiction over Ms. Lalwani's Title VII claim, the court does not reach at this time Ms. Burwell's argument under Rule 12(b)(6) that Ms. Lalwani fails to state a Title VII claim.